UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   v.<br><br>GABRIEL CHASE,<br><br>   Defendant. | Criminal Action No. 22-00018 (CKK) |

**MEMORANDUM OPINION AND ORDER**
(September 4, 2024)

Pending before this Court is Defendant Gabriel Chase's [65] Motion for Early Termination of Probation ("Def.'s Mot.") and the Government's [66] Memorandum in Opposition to Defendant's Motion for Early Termination of Probation ("Govt. Opp'n").[1]  Defendant has currently served approximately 14 months of his 36-month sentence of probation.  He requests early termination of probation for "several reasons" including his demonstrated "commitment to personal and professional growth;" his desire to "pursue a legal name change to mitigate reputational damage stemming from his past actions;" and because his "employment may require him to travel[.]" Def.'s Mot., ECF No. 65, at 2-3.  Upon review of the pleadings, the relevant legal authorities, and the entire record, this Court DENIES Defendant Gabriel Chase's Motion for Early Termination of Probation.

**I. BACKGROUND**

On February 6, 2023, Mr. Chase pleaded guilty to one count of Parading, Demonstrating, or Picketing in the Capitol Building, in violation of 20 U.S.C. §5104(e)(2)(G).  *See* Plea Agreement, ECF No. 48.  In connection with the January 6, 2021 riot, Mr. Chase traveled by car

---

[1] No Reply to the Government's Opposition was filed by Defendant.

1

to Washington D.C. from Gainesville, Florida, on January 4, 2021, to attend the rallies at the United States Capitol.  Statement of Offense, ECF No. 47, at ¶8.  On January 6, 2021, Defendant, along with a group of men he knew, entered the United States Capitol Building through the Senate Wing door at approximately 2:16 p.m. *Id.* at ¶10.  Defendant and his group proceeded towards the Crypt, and along with the crowd, they pushed past law enforcement personnel and moved down a hallway and near several offices, later reentering the Crypt and a room that contained a spiral stairwell, and they went into a conference room for Speaker Nancy Pelosi's Office.  *Id.* at ¶¶10-11.  Defendant and his group left Speaker Pelosi's Office and entered the Rotunda, and then went to the third level of the Capitol, where they proceeded to the Senate Chambers and stopped outside the doors.  *Id.* at ¶12.  Mr. Chase exited the Capitol at approximately 2:50:20 p.m. *Id.* at ¶14.

 On June 16, 2023, the Court sentenced Mr. Chase to 36 months of probation, with $500.00 in restitution.  *See* Judgment, ECF No. 60, at 2, 5.  On August 2, 2024, Mr. Chase filed his [65] Motion for Early Termination of Probation, and for the reasons explained herein, that Motion is DENIED.

## II. LEGAL STANDARD

Pursuant to 18 U.S.C. § 3564(c), a court has discretion to terminate a term of probation imposed in a misdemeanor case, at any time, "if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c).  In considering early termination, courts must consider the factors set out in 18 U.S.C. §3553(a), to the extent they are applicable.  *Id.*; *see also United States v. Hartley*, 34 F.4th 919, 929-932 (10th Cir. 2022) (finding that a district court must make individualized determinations based on the applicable statutory criteria before responding to a request to modify a sentence). Accordingly, pursuant to Section 3564(c), courts are permitted to terminate a term of probation early only if such early termination

is warranted by "the interest of justice" and by the "conduct of the defendant," and it is consistent with the applicable §3553(a) factors. *United States v. Ferrell*, 234 F. Supp. 3d 61, 63 (D.D.C. 2017).[2]

### III. ANALYSIS

Defendant's request for early termination of probation is based on his full compliance "with all conditions set forth by the Court," including no new crimes, arrests, or citations. Def.'s Mot., ECF No. 65, at 1. Mr. Chase indicates that he has made strides to better himself by "actively engag[ing] with his family," and he had nearly completed his university studies [with a then-projected graduation date of August 10, 2024]. *Id.* at 2. He has also maintained steady employment for approximately nine months. *Id.* Defendant "acknowledges the gravity of his actions" on January 6th, and he takes responsibility for his actions, and he proffers that he has "distanced himself from negative influences and committed to a law-abiding lifestyle." *Id.*

The Government notes that, at the time of sentencing, Mr. Chase was enrolled at the University of Florida with a scheduled graduation date of Fall 2023 or Spring 2024, and he expressed regret for his part in what happened on January 6, 2021, and accordingly, these are not changed "characteristics." Govt. Opp'n, ECF No. 66, at 5. Regarding Mr. Chase's compliance with the terms and conditions of probation, the Government commends Defendant but asserts that "[c]ourts have routinely held that mere compliance with the conditions of probation without more

---

[2] The §3553(a) factors include: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) deterrence of criminal conduct; (3) protection of the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or correctional treatment; (5) the applicable sentencing guideline range for the offense and pertinent policy statements by the U.S. Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities; and (7) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7).

does not warrant early termination." Govt. Opp'n, ECF No. 66, at 2 (string citing cases).

Under a "similar analysis for supervised release modification motions, model post-incarceration conduct and unblemished compliance with the terms of supervised release, standing alone, have been found insufficient" without something more. *Id.* (citing cases from this district). The Government acknowledges further that although "extraordinary circumstances . . . are not necessary for such termination," they "may be sufficient to justify early termination of supervised release." Govt. Opp'n, ECF No. 66, at 2 (quoting *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020)).

This Court finds that while Defendant's compliance with release conditions and reintegration into society is commendable, such conduct alone does not weigh in favor of termination of probation. In a factually similar case from this district involving a January 6 defendant's request for early termination of probation, the Honorable Dabney Friedrich noted that "[a]s courts in this district have previously held, 'good behavior alone' is generally 'insufficient to warrant early termination' of probation." *United States v. Suarez*, 21-cr-00205 (D.D.C.), 11/09/2023 Minute Order (citing *United States v. Parker*, 219 F. Supp. 3d 183, 191 (D.D.C. 2016) (in the context of supervised release)). In *Suarez*, as here, the defendant had pled guilty to a single count of Parading, Picketing, or Demonstrating in the Capitol Building, and received a sentence of 36 months of probation. Approximately 15 months after she was sentenced, defendant moved for early termination of probation based on her full compliance with the terms of probation, engaging in productive mental health therapy, completing her community service, and opening a new business. *See* 11/09/2023 Minute Order. Judge Friedrich denied the defendant's request for early termination because "the defendant's offense - - participation in the January 6 riot - - was exceptionally serious [and] in view of the nature of defendant's offense, early termination would

not promote respect for the law, provide just punishment, or afford adequate deterrence." *Id.*

In the case at bar, the Government proffers – and this Court agrees – that "defendant's conduct on January 6 warrants the full term of probation[.]" Govt. Opp'n, ECF No. 66, at 4. The Court focuses on the serious nature and circumstances of the offense, whereby Defendant traveled from Florida to Washington, D.C. to participate in the events on January 6, 2021. Defendant joined a group of people he knew, and then they joined a larger mob of rioters who overwhelmed police officers and breached the Capitol building. Considering the nature of defendant's offense and his sentence of probation, the Court finds that early termination of Defendant's probation would not promote respect for the law, provide just punishment, or afford adequate deterrence of behavior of the type that occurred on January 6, 2021. This Court notes that the need to encourage respect for the rule of law continues to date, particularly with the 2024 election looming. Accordingly, upon consideration of the relevant Section 3553(a) factors, this Court finds that such factors counsel against early termination of probation for Mr. Chase, and it is hereby this 4th day of September, 2024,

ORDERED that Defendant's [65] Motion for Early Termination of Probation be and hereby is DENIED.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE